IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Chance D. Wilson, ) | C/A No. 6:24-cv-05768-JDA-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Sgt. Bland, Maj. Anthony Phyall, ) | |
| ) | |
| Defendants.[1] ) | |

This is an action filed by the plaintiff, while a pretrial detainee[2], proceeding *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

## PROCEDURAL HISTORY

On October 10, 2024, the plaintiff's complaint was entered on the docket (doc. 1). Upon initial review of the plaintiff's complaint, the undersigned issued an order authorizing service of process of the plaintiff's failure to protect claim against Maj. Phyall, and issued a report and recommendation recommending that the plaintiff's remaining claims (and defendants) be dismissed (docs. 40; 43). The report and recommendation remains pending before the United States District Court.

The order issued on January 31, 2025, which authorized service on Maj. Phyall, instructed the Clerk of Court to issue the summons and to forward it and the Form

---

[1] This caption has been updated to reflect the current parties to this action. On June 13, 2025, the plaintiff updated Maj. Fyall's name to Maj. Phyall (doc. 69). For ease of reference, other than when quoting prior filings, all references to the unserved defendant in this action will refer to Maj. Phyall (the name as updated).

[2] The plaintiff is now incarcerated in the custody of the South Carolina Department of Corrections ("SCDC") (doc. 52).

USM-285 to the United States Marshal Service ("USMS") for service of process (doc. 40 at 2). The order informed the plaintiff that although his lawsuit would be served by the USMS, he was responsible for providing "information sufficient to identify the defendant on the Forms USM-285" (*id*.). The order warned the plaintiff that pursuant to Federal Rule of Civil Procedure 4(m), if a defendant was not served within 90 days after the summons is issued, the unserved defendant(s) may be dismissed from the case (*id*.).

On March 19, 2025, the USMS filed a Form USM-285 Summons Returned Unexecuted indicating that it could not serve the summons and complaint on defendant Maj. Anthony Phyall (doc. 50). It appears that the USMS attempted to serve Maj. Phyall, but noted as follows: "made contact with Berkeley County Major Fyall does not work there and no forwarding address" and "searched all law enforcement databases could not locate a Anthony Fyall" and there were several Antonio Fyalls in Charleston, but they could not all be tracked down (*id*.). The plaintiff was then instructed to provide additional identifying information for Maj. Phyall so that service of process could be accomplished (doc. 53). The plaintiff submitted new service documents for Maj. Phyall, but did not provide updated information for service of process for Maj. Phyall – instead asserting that the Detention Center should have Maj. Phyall's information for service of process (doc. 59). On May 5, 2025, the undersigned issued an order to show cause requiring the plaintiff to show cause for his failure to provide information so that service could be effectuated by the USMS on Maj. Phyall (doc. 61). After obtaining an extension of the show cause deadline, the plaintiff filed a motion regarding service on June 13, 2025, indicating that he had updated spelling for Maj. Phyall's name (doc. 68). The undersigned granted the motion regarding service on June 13, 2025, but instructed the plaintiff to submit updated service documents for Maj. Phyall so that the USMS could effectuate service upon Maj. Phyall (doc. 69). The order warned the plaintiff that failure to provide the necessary service documents for Maj. Phyall

could result in dismissal of Maj. Phyall in the instant matter (*id*. at 1–2). The time for response to the order has passed and the plaintiff has not provided the required documents.

## APPLICABLE LAW & ANALYSIS

As noted, the plaintiff filed the instant matter seeking damages from the defendants. However, for the reasons that follow, it is recommended that this matter be dismissed. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within (90) days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant . . . [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see Gelin v. Shuman*, 35 F.4th 212, 218–20 (4th Cir. 2022) (holding that district courts have discretion to extend the time to effect service of process even if there is a lack of good cause shown). Here, the plaintiff filed his lawsuit *pro se* and *in forma pauperis*. As such, the ninety day time limit did not run during the initial review of this case. Rather, it began to run on the date when the summons was issued, January 31, 2025 (doc. 44). The 90-day service deadline expired on May 1, 2025. *See Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review).

As noted, the plaintiff has had multiple opportunities to provide identifying information for Maj. Phyall so that the USMS could effectuate service of process. Additionally, the plaintiff was warned that although his lawsuit would be served by the USMS, he was responsible for providing "information sufficient to identify the defendant on the Forms USM-285" (docs. 40 at 2; 53 at 1–2; 61 at 1–3). The undersigned also provided the plaintiff with an opportunity to show good cause for failing to provide information so the USMS could effectuate service on Maj. Phyall, and warned the plaintiff that if he failed to respond to the order or to provide good cause, the undersigned would recommend dismissal of Maj. Phyall (doc. 61). As noted, the plaintiff responded to the order and updated Maj.

Phyall's name, but failed to respond to the order issued on June 13, 2025, which required him to submit updated service documents for Maj. Phyall (*see* doc. 69). As such, the plaintiff has failed to request additional time to serve Maj. Phyall, has failed to respond to an order of this court regarding service documents for Maj. Phyall, and failed to provide good cause for the failure to serve Maj. Phyall.

The Fourth Circuit has found that district courts have discretion to extend the time to effect service of process absent a showing of good cause. *Gelin v. Shuman*, 35 F.4th 212, 218–20 (4th Cir. 2022). Here the circumstances weigh against exercising such discretion; the plaintiff has had multiple opportunities to provide identifying information for Maj. Phyall, but has not done so and has specifically failed to respond to the court's June 13, 2025, order (*see* doc. 69). As such, the instant matter is distinguishable from *Gelin* and the court should not extend the time to effect service of process on Maj. Phyall.

In light of the foregoing, the undersigned recommends that Maj. Phyall be dismissed as a defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[3]

**The plaintiff's attention is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

July 8, 2025
Greenville, South Carolina

---

[3] The remaining claims and defendants have already been recommended for dismissal in this action (*see* doc. 43).

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).