IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Chance D. Wilson,                              )<br>                                                          )<br>                    Plaintiff,             )<br>                                                          )<br>       v.                                             )<br>                                                          )<br>Sgt. Bland, *Classification*; Anthony  )<br>Phyall, *Major*,                              )<br>                                                          )<br>                    Defendants.        ) | Case No. 6:24-cv-05768-JDA-KFM<br><br>**OPINION AND ORDER** |

     This matter is before the Court on Plaintiff's Complaint, Plaintiff's supplemental allegations, and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 1; 28; 43.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin McDonald for pre-trial proceedings.

     The Clerk docketed Plaintiff's Complaint on October 10, 2024. [Doc. 1.] On January 22, 2025, the Clerk docketed Plaintiff's motion to amend his Complaint. [Doc. 28.] The Magistrate Judge granted the motion, but he construed Plaintiff's request as a motion to supplement—not amend—the initial Complaint. [Doc. 42.] On January 31, 2025, the Magistrate Judge issued a Report recommending the summary dismissal of all claims except Plaintiff's failure-to-protect claim against Maj. Phyall.[*] [Doc. 43.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 8.]

---

[*] On June 13, 2025, the Magistrate Judge issued an Order granting Plaintiff's request to update Maj. Fyall's name to Maj. Phyall. [Doc. 69.]

On February 18, 2025, the Clerk docketed objections to the Report from Plaintiff. [Doc. 48.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

As previously noted, the Magistrate Judge recommended summary dismissal of all claims except Plaintiff's failure-to-protect claim against Maj. Phyall. [Doc. 43 at 1–2.] Regarding Plaintiff's failure-to-protect claim against Sgt. Bland, the Magistrate Judge determined that Plaintiff failed to allege he "spoke with Sgt. Bland or otherwise informed [Sgt. Bland] of the threat from detainee Watson." [*Id.* at 6.] Moreover, the Magistrate Judge noted that Plaintiff classified Sgt. Bland's actions as gross negligence, not deliberate indifference as required by § 1983. [*Id.*] Regarding Plaintiff's deliberate-indifference-to-medical-needs claim, the Magistrate Judge determined that "St. Francis is

2

not a state actor subject to suit under 1983" and that Plaintiff otherwise failed to allege the elements of a claim for deliberate indifference to a serious medical need. [*Id.* at 7.]

In his objections, Plaintiff reiterates that Sgt. Bland should be held liable in her supervisory capacity. [Doc. 48 at 3.] In support thereof, Plaintiff states that Sgt. Bland "has to know why people are moved" by virtue of her "high rank role with inmate movement and housing." [*Id.* at 4.] To this end, Plaintiff contends "supervisor[y] liability is sufficient with gross negligence." [*Id.* at 5.] Plaintiff makes no objections to the Magistrate Judge's conclusions regarding his deliberate-indifference-to-medical-needs claim. [*See generally id.*]

The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court overrules Plaintiff's objections, as Plaintiff fails to establish that Sgt. Bland violated the Constitution through her "own individual actions." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see id.* ("[V]icarious liability is inapplicable to . . . § 1983 suits."); [Doc. 43 at 6 ("[T]here are no allegations that the plaintiff spoke with Sgt. Bland or otherwise informed [her] of the threat from detainee Watson.")]. Accordingly, the Court accepts the Report and Recommendation of the Magistrate Judge as modified and incorporates it by reference to the extent consistent with this Order. All claims against Sgt. Bland are DISMISSED without prejudice. Plaintiff's remaining deliberate-indifference-to-medical-needs claim against St. Francis is DISMISSED with prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

December 9, 2025
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.